IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARTHELLA BROADUS (BOP Register No. 42052-177), | § § § | |
| Movant, | § § | |
| V. | § § | No. 3:17-94-B-BN |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Movant Marthella Broadus, a federal prisoner, proceeding *pro se*, moves to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. *See* Dkt. No. 1. This action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle.

The Court has ordered Broadus to show cause in writing why her Section 2255 motion should not be summarily dismissed as barred by the applicable statute of limitations. *See* Dkt. No. 3; *see also Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th Cir. 2010) (per curiam) ("'before acting on its own initiative' to dismiss an apparently untimely [Section 2255 motion] as time barred, a district court 'must accord the parties fair notice and an opportunity to present their positions'" (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006); alteration to original)); *Sosa-Saucedo v. United States*, No.

6:09cv491, 2011 WL 336456 (E.D. Tex. Jan. 31, 2011) (applying *Day* to Section 2255 motions).

Considering Broadus's response, *see* Dkt. No. 4, the undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should dismiss the Section 2255 motion as time-barred.

## Applicable Background

Broadus "pleaded guilty to one count of wire fraud and one count of arson, and she was sentenced to two consecutive 120-month prison terms" – a total term of incarceration above the advisory guideline range. *United States v. Broadus*, 515 F. App'x 352, 352 (5th Cir. 2013) (per curiam). On March 6, 2013, her criminal judgment was affirmed on appeal. *See generally id.* And the United States Supreme Court denied her petition for a writ of certiorari on October 7, 2013. *See Broadus v. United States*, 134 S. Ct. 147 (2013).

Although Broadus has filed a prior Section 2255 motion, that motion was dismissed without prejudice because her direct appeal was pending. *See Broadus v. United States*, No. 3:12-cv-1273-B (N.D. Tex. May 29, 2012). The current Section 2255 motion is therefore not considered second or successive. *See, e.g.*, *United States v. Zarate*, Cr. No. C-03-8 & C.A. No. C-09-48, 2009 WL 2382965, at *4 (S.D. Tex. July 31, 2009) (collecting cases).

## Legal Standards

Section 2255 proceedings are governed by a one-year statute of limitations. *See*

ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996) (the "AEDPA"), *codified at* 28 U.S.C. § 2255(f). The statute provides that the limitations period shall run from the latest of –

(1)     the date on which the judgment of conviction becomes final;

(2)     the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *See, e.g.*, *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

> "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam).

But "a litigant is entitled to equitable tolling of a statute of limitations only if

the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The Supreme Court recently reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 756 (emphasis in original).

The Supreme Court also has determined that the AEDPA statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). But the actual innocence gateway is only available to a petitioner who presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 1928 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted;

emphasis in original)).

## Analysis

Broadus has responded to the Court's order concerning the limitations period by asserting (1) that she is actually innocent – as she "was present only after the acts were committed, unbeknownst to her" and thus "did not actually participate in said acts"; (2) that the motion is timely in light of newly-recognized rights; and (3) that the motion is timely because of newly-discovered evidence. Dkt. No. 4 at 1.

To begin, Broadus has not accessed the narrow actual-innocence gateway by coming forward with evidence of her innocence to undermine confidence that her trial was free of nonharmless constitutional error. *See Johnson*, 978 F.2d at 860 ("actual innocence" "means that the person did not commit the crime"); *see also, e.g., Becerra v. Stephens*, Civ. A. No. H-13-2832, 2014 WL 6982239, at *5 (S.D. Tex. Dec. 8, 2014) ("Because Becerra has not come forth with 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial,' his actual innocence allegations do not provide an 'actual innocence' exception to the limitations bar." (citation omitted)). Broadus's failure to identify newly-discovered evidence to support her current claims also precludes the Court's consideration of statutory tolling under Section 2255(f)(4).

Turning to Section 2255(f)(3), Broadus fails to identify, in her response to the show cause order, a specific Supreme Court decision that she argues has been made retroactively applicable to cases on collateral review, but her motion invokes *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See* Dkt. No. 1 at 14.

In *Johnson*, the Supreme Court held "that imposing an increased sentence under

the residual clause of the Armed Career Criminal Act" (the "ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii) – which clause then defined "violent felony" as "involv[ing] conduct that presents a serious potential risk of physical injury to another" – "violates the Constitution's guarantee of due process," 135 S. Ct. at 2563; *see also id.* ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."). Because "*Johnson* affected the reach of the underlying statute[, the ACCA,] rather than the judicial procedures by which the statute is applied," *Johnson* is "a substantive decision and so has retroactive effect under *Teague[ v. Lane*, 489 U.S. 288 (1989),] in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

Broadus's sentences, imposed for arson and wire-fraud convictions, do not in any way implicate the ACCA's residual clause or another statute (or provision of the sentencing guidelines) containing language substantially similar to the ACCA's residual clause. For the sake of completeness, however, the undersigned notes that Broadus also invokes *United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016), *see* Dkt. No. 1 at 12-13, which, of course, is not a Supreme Court decision.

That decision concerns the retroactive effect of Amendment 794, which revised not the text but the commentary to U.S.S.G. § 3B1.2 – a provision of the sentencing guidelines that

> instructs sentencing courts to decrease a defendant's offense level by four levels "[i]f the defendant was a minimal participant in any criminal activity," two levels "[i]f the defendant was a minor participant in any criminal activity," and three levels if the defendant's level of participation fell between minimal and minor. The commentary to § 3B1.2 provides

that a mitigating role adjustment is available to any defendant "who plays a part in committing the offense that makes him substantially less culpable than the average participant."

*United States v. Gomez-Valle*, 828 F.3d 324, 328 (5th Cir. 2016) (quoting U.S.S.G. § 3B1.2; *id.* § 3B1.2 cmt. n.3(A)).

"The Guidelines Manual does not specify whether Amendment 794 is retroactively applicable." *Id.* at 330 (citing U.S.S.G. § 1B1.10(d) (2015)). And, in *Gomez-Valle*, the United States Court of Appeals for the Fifth Circuit did not resolve the issue of whether Amendment 794, "an amendment to commentary of the relevant guideline" is retroactive, because "it is intended to clarify application of a guideline and was not intended to make any substantive changes to ... [the guideline] or its commentary." *Id.* (quoting *United States v. Huff*, 370 F.3d 454, 465-66 (5th Cir. 2004) (in turn quoting *United States v. Gross*, 26 F.3d 552, 555 (5th Cir. 1994)); internal quotation marks omitted); *see also United States v. Castro*, 843 F.3d 608, 610 & n.2 (5th Cir. 2016) (again declining to decide "whether Amendment 794 is retroactively applicable" but recognizing "that the Ninth and Eleventh Circuits have held that Amendment 794 is a clarifying amendment" and therefore "retroactively applicable" (citing *Quintero-Leyva*, 823 F.3d at 523; *United States v. Casas*, 632 F. App'x 1003, 1005 (11th Cir. 2015) (per curiam))).

Even if Amendment 794 was retroactively applicable, it does not benefit Broadus. First, her offense level under the advisory guidelines was not mitigated under Section 3B1.2. Instead, her role as an organizer and leader resulted in an enhancement

-7-

under U.S.S.G. § 3B1.1(a). And her above-guidelines sentence was based in part on her aggravating role in the offenses committed.

Moreover – again, assuming that Amendment 794 is retroactively applicable – Broadus's claim based on that amendment is not cognizable under Section 2255 because, particularly given her aggravating role, she cannot show that the failure to consider Amendment 794 now amounts to a complete miscarriage of justice. *See, e.g., Burke v. United States*, 152 F.3d 1329, 1332 (11th Cir. 1998) ("[A] claim that the sentence imposed is contrary to a post-sentencing clarifying amendment is a non-constitutional issue that does not provide a basis for collateral relief in the absence of a complete miscarriage of justice."); *see also, e.g., United States v. Crane*, No. 3:14-CR-30006-PKH-MEF-5, 2017 WL 655526, at *5-*6 (W.D. Ark. Jan. 30, 2017) (applying *Burke* as part of an analysis that an Amendment 794-based claim is not cognizable where the movant received an enhancement under Section 3B1.1), *rec. adopted*, 2017 WL 651960 (W.D. Ark. Feb. 16, 2017).

The one-year limitations period is accordingly not statutorily tolled under Section 2255(f)(3).

Therefore, Broadus's motion is untimely under Section 2255(f)(1) because it was filed more than one year after October 7, 2013, the date her convictions and sentences became final. *See United States v. Wheaten*, 826 F.3d 843, 846 (5th Cir. 2016) ("Although [AEDPA] does not define when a conviction 'becomes final' for purposes of federal habeas review of a federal conviction, the Supreme Court stated in *Clay v. United States* that '[f]inality attaches when [the Supreme] Court affirms a conviction

-8-

on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.'" (quoting 537 U.S. 522, 527 (2003))).

## Recommendation

The Court should dismiss the Section 2255 motion as time-barred.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 28, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE